UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES FIDELITY AND GUARANTY COMPANY,

                Plaintiff,

v.

ASHLEY REED TRADING, INC., JAMES RESSLER, SCOTT RESSLER, FENDI ADELE S.R.L., FENDI S.R.L., AND FENDI NORTH AMERICA, INC.,

                Defendants.

------------------------------------------------------------x

**COMPLAINT**

Civil Case No.:_____

**JURY TRIAL DEMANDED**

       Plaintiff United States Fidelity and Guaranty Company ("USF&G") by its attorneys, Clifton Budd & DeMaria, LLP, as and for its Complaint against Defendants Ashley Reed Trading, Inc. ("Ashley Reed"), James Ressler, Scott Ressler, Fendi Adele S.r.l. ("Fendi Adele"), Fendi S.r.l., and Fendi North America, Inc. ("Fendi NA"), alleges as follows:

### JURISDICTION AND VENUE

       1.     This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332 as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States and in which citizens of foreign states are additional parties.

       2.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in this District.

## THE PARTIES

3. At all times hereinafter mentioned, Plaintiff USF&G is and was a Connecticut corporation with a principal place of business located in Hartford, Connecticut. Plaintiff USF&G is a company principally engaged in providing commercial, property and liability insurance products and services, including general liability insurance coverage.

4. Upon information and belief, Defendant Ashley Reed is a New York corporation that, among other things, sells handbags and luxury goods in New York and elsewhere. It maintains its headquarters at 318 West 39th Street, New York, NY 10018 and transacts business in the City, County and State of New York.

5. Upon information and belief, Defendant Scott Ressler is a principal and President of Ashley Reed and a resident of the State of New York. Scott Ressler maintains an office at Ashley Reed's headquarters at 318 West 39th Street, New York, NY 10018 and he regularly transacts business in the City, County and State of New York.

6. Upon information and belief, Defendant James Ressler is a principal and Vice President of Ashley Reed and a resident of the State of New York. James Ressler maintains an office at Ashley Reed's headquarters at 318 West 39th Street, New York, NY 10018 and he regularly transacts business in the City, County and State of New York.

7. Upon information and belief, Defendant Fendi Adele is a limited liability company organized and existing pursuant to the laws of Italy, with its principal place of business at Via Flaminia 968, Rome, Italy 00189. Fendi Adele claims to be the owner of the federally-registered "FENDI" trademarks and of all other intellectual property rights associated with FENDI-branded products sold in New York and throughout the world.

8. Upon information and belief, Defendant Fendi S.r.l. is a limited liability company organized and existing pursuant to the laws of Italy, with its principal place of business at Via Flaminia 968, Rome, Italy 00189. Fendi S.r.l. claims to be the exclusive world-wide licensee of Fendi Adele for the manufacture and distribution of handbags, shoulder bags, purses, wallets and key chains bearing the "FENDI" trademarks, as well as for luggage and certain other items, all bearing the "FENDI" trademarks.

9. Upon information and belief, Defendant Fendi NA is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 720 Fifth Avenue, 8th Floor, New York, NY. Fendi NA is authorized by Fendi S.r.l. to use the "FENDI" trademarks to operate, market, advertise and promote retail stores, operating under the name and trademark "FENDI", including stores located in New York, New Jersey, California, Florida, Texas, Nevada, Colorado and Hawaii.

### THE *FENDI* ACTION

10. By Summons and Complaint dated January 11, 2006, Fendi Adele, Fendi S.r.l., and Fendi NA (collectively "FENDI") commenced an action (the "*FENDI* Action") in the United States District Court for the Southern District of New York, Civil Action No. 06-CV-243, against Ashley Reed as well as its principals and officers Scott Ressler and James Ressler, alleging that Fendi Adele is the owner of the FENDI trademarks, that Fendi S.r.l. is Fendi Adele's exclusive licensee for the manufacture and distribution of handbags and other items bearing the FENDI trademarks, and that Fendi S.r.l. has authorized Fendi NA to use the FENDI trademarks to operate, market, advertise and promote retail stores.

11. In the *FENDI* Action, FENDI claimed that Defendants Ashley Reed, Scott Ressler and James Ressler have sold counterfeited or imitation FENDI-branded merchandise in violation of FENDI's trademark rights. There are five causes of action alleged in the complaint:

1) Violation of 15 U.S.C. §1114 (trademark infringement by sale of counterfeit trademarked goods);

2) Violation of 15 U.S.C. §1125(A) (trademark infringement by false designation of origin);

3) Violation of 15 U.S.C. § 1125(C) (trademark infringement by dilution of famous mark);

4) Common law unfair competition; and

5) Violation of New York General Business law §368(l) (by dilution of FENDI trademark and misappropriation of FENDI's goodwill and reputation).

12. The complaint in the *FENDI* Action sought compensatory and treble damages, as well as injunctive relief prohibiting the sale of unauthorized FENDI-branded products or use of the FENDI mark without authorization. FENDI also sought an order compelling Defendants Ashley Reed, Scott Ressler and James Ressler to provide the name and address of each person or entity from whom they have purchased or to whom they have sold FENDI-branded merchandise since January 1, 2000.

13. By Order dated February 16, 2010 the Court in the *FENDI* Action granted that part of FENDI's motion for summary judgment against Defendants Ashley Reed, Scott Ressler and James Ressler which sought judgment on FENDI's claims of trademark counterfeiting, trademark dilution, false designation of origin, and unfair competition.

14. In the February 16, 2010 Order, the *FENDI* Court found that: (a) Defendants Ashley Reed, Scott Ressler and James Ressler continued to sell FENDI-branded goods after FENDI sent them a cease-and-desist letter, and after the Resslers and their lawyer

4

met with counsel for FENDI, who told them that the FENDI-branded goods they were selling were counterfeit; (b) Defendants Ashley Reed, Scott Ressler and James Ressler returned all FENDI-branded goods in their inventory to their suppliers after the *FENDI* litigation commenced; (c) Defendants Ashley Reed, Scott Ressler and James Ressler did not keep invoices issued to Ashley Reed by suppliers of FENDI-branded goods; (d) Defendants did keep, and produced, invoices purportedly issued by FENDI and addressed to Ashley Reed that were, in fact, not genuine; and (e) Defendants Ashley Reed, Scott Ressler and James Ressler knew and understood that they could not give Filene's Basement the requested representation that they had legal right to sell the FENDI-branded merchandise that they were offering to Filene's Basement, and that the purchase and resale of this merchandise by Filene's Basement would "not violate or infringe upon any existing contractual and/or Proprietary Rights owned by others."

15. In the February 16, 2010 Order, the Court referred the case to Honroable Michael H. Dolinger, U.S.M.J. for a determination as to whether there were any issues of fact and/or credibility bearing upon Defendants Ashley Reed, Scott Ressler and James Ressler's willfulness, the appropriateness of an accounting of defendants' profits, and, if warranted, an assessment of damages.

16. On July 30, 2010, Magistrate Judge Dolinger issued a report and recommendation, recommending, *inter alia*, that: (a) Defendants Ashley Reed, Scott Ressler and James Ressler's actions were willful; (b) FENDI should be awarded $10,486,542 (in treble damages) for Defendants Ashley Reed, Scott Ressler and James Ressler's willful trademark counterfeiting in 2005 and 2006 and $970,795.20 in pre-judgment interest; (c) FENDI's claims for counterfeiting prior to 2005 should proceed to a jury trial; and (d) an award of costs and attorney's fees should be postponed until the balance of claims were resolved.

17. On October 19, 2010, the Court issued an Order: (a) accepting the recommendation of Magistrate Judge Dolinger with respect to the $10,486,542 (in treble damages) for Defendants Ashley Reed, Scott Ressler and James Ressler's willful trademark counterfeiting in 2005 and 2006 and $970,795.20 in pre-judgment interest; (b) rejecting the recommendation that FENDI's claims for pre-2005 counterfeiting proceed to trial; and (c) referring the case back to Magistrate Judge Dolinger for an assessment of attorney's fees and costs.

18. On May 16, 2011, Magistrate Judge Dolinger issued a report and recommendation, recommending, *inter alia*, that: (a) FENDI be awarded $778,068.11 in attorney's fees; (b) FENDI be awarded $88,657.35 in costs, and (c) the Court amend its judgment to increase the treble damages award to $29,855,043 and pre-judgment interest award to $3,024,705.72 to account for profits earned by Defendants Ashley Reed, Scott Ressler and James Ressler from counterfeit goods prior to 2005.

19. On June 30, 2011, the Court issued an Order: (a) accepting the recommendation of Magistrate Judge Dolinger with respect to the award of $778,068.11 in attorney's fees and $88,657.35 in costs; (b) rejecting the recommendation to amend the treble damages award to account for pre-2005 profits; and (c) directing the Clerk of the Court to enter final judgment and close the file.

20. On June 30, 2011, the Clerk of the Court filed a judgment awarding FENDI $11,457,337.20 in treble damages and pre-judgment interest combined, $778,068.11 in attorney's fees and $88,657.35 in costs.

## THE USF&G POLICIES

21. USF&G issued three consecutive general liability policies to Ashley Reed: (1) Policy No. BK01356041, effective February 8, 2003 to February 8, 2004 ("the 2003 Policy"); (2) Policy No. BK01718067, effective February 8, 2004 to February 8, 2005 ("the 2004 Policy"); and (3) Policy No. BK02033522, effective February 8, 2005 to February 8, 2006 ("the 2005 Policy" and collectively with the 2003 Policy and the 2004 Policy the "USF&G Policies").

22. The USF&G Policies state, *inter alia,* that USF&G will "pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'advertising injury' to which this insurance applies.

23. The 2003 and 2004 Policies state that this insurance applies to: "'Advertising injury' caused by an offense committed in the course of advertising your goods, products or services that: (a) was first committed in the 'coverage territory'; and (b) was committed during the policy period."

24. The 2003 and 2004 Policies define "Advertising Injury" to include: "(c) The use of another's advertising idea in your advertising; and (d) Infringement of another's copyright, trade dress or slogan in your 'advertising.'"

25. The 2005 Policy has substantively similar, if not identical, language to the 2003 and 2004 Policies. The 2005 Policy states that this insurance applies to: "'Advertising Injury': (a) Arising out of the 'advertising' of your goods, products or services; and (b) Caused by an offense committed in the 'coverage territory' and during the period that this 'advertising injury' liability coverage is in effect."

26.     The 2005 Policy defines "Advertising Injury" to include: "(c) Unauthorized use of another person's or organization's 'advertising idea' in your 'advertising'; and (d) Infringement upon another person's or organization's copyright, trade dress or 'slogan' in your 'advertising.'"

27.     The 2003 and 2004 Policies specifically state that "This insurance does not apply to . . . 'Advertising Injury' . . . arising out of oral or written publication of material whose first publication took place before the beginning of the policy period."

28.     The 2005 Policy also excludes coverage for advertising injury arising out of material published before the policy period. Specifically the 2005 Policy states:

> This insurance does not apply to . . . 'advertising injury' arising out of:
>
> (1)     Any material that was first published before this policy begins;
>
> (2)     Another person's or organization's 'advertising idea' in your 'advertising' whose unauthorized use was first committed before this policy begins; or
>
> (3)     Another person's or organization's copyright, trade dress or 'slogan' in your 'advertising' whose infringement was first committed before this policy begins.

29.     Each of the USF&G Policies excludes from coverage advertising injury arising out of any publication of material with knowledge of its falsity.

30.     In addition, each of the USF&G Policies excludes coverage for "'advertising injury' caused by, or an offense committed by or at the direction of, the insured with knowledge that the rights of another person or organization would be violated and that injury or damage would result."

8

31. The 2005 Policy also separately excludes coverage for intellectual property infringement.

32. USF&G has been paying for the defense of Defendants Ashley Reed, Scott Ressler and James Ressler in the *FENDI* Action under a reservation of rights; however, USF&G has no duty to indemnify Defendants Ashley Reed, Scott Ressler and James Ressler for the monetary judgment in the *FENDI* Action since: (a) the judgment represents a disgorgement of profits which is not covered damages under the USF&G Policies; (b) the judgment is not based in any way on any proof that FENDI has been damaged by any infringement in the course of Defendants Ashley Reed, Scott Ressler and James Ressler's advertising; (c) Defendants Ashley Reed, Scott Ressler and James Ressler's counterfeiting of FENDI bags pre-dated the first USF&G Policy; (d) the USF&G policies exclude coverage for knowing infringement and all the infringement at issue post-dates Defendants Ashley Reed, Scott Ressler and James Ressler's receipt of the 2001 cease-and-desist letter from FENDI; and (e) the treble damages award is based solely on the disgorgement of profits in the 2005-2006 timeframe and the 2005 Policy excludes coverage for intellectual property infringement.

## AS AND FOR A FIRST CLAIM FOR RELIEF

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "32" as if fully set forth herein at length.

34. Defendants Ashley Reed, Scott Ressler and James Ressler have been found to have sold counterfeit FENDI merchandise after receipt of a cease-and-desist letter and a meeting with FENDI's counsel in 2001 in which Defendants Ashley Reed, Scott Ressler and

James Ressler were advised by FENDI that the merchandise Defendants Ashley Reed, Scott Ressler and James Ressler were selling was counterfeit.

35. Upon information and belief, Defendants Ashley Reed, Scott Ressler and James Ressler started selling counterfeit FENDI goods in 1999 and continued to sell those goods through the date of the filing of the *FENDI* complaint.

36. The court in the *FENDI* Action has ruled that the only monetary award FENDI may recover is a disgorgement of profits, attorney's fees and costs from Defendants Ashley Reed, Scott Ressler and James Ressler and that those sums are to be paid because Defendants Ashley Reed, Scott Ressler and James Ressler's counterfeiting was willful.

37. FENDI has presented proof in support of its motions for summary judgment and for disgorgement of profits that Defendants Ashley Reed, Scott Ressler and James Ressler knew that they were selling counterfeit goods and that Defendants Ashley Reed, Scott Ressler and James Ressler acted in bad faith.

38. The USF&G Policies do not indemnify insureds for disgorgement of profits.

39. There has been no showing that FENDI suffered any damages on account of any infringement by Defendants Ashley Reed, Scott Ressler and James Ressler in Defendants Ashley Reed, Scott Ressler and James Ressler's advertising.

40. Each of the USF&G Policies excludes coverage for infringement that was first published before the inception of the USF&G policy and it is undisputed that Defendants Ashley Reed, Scott Ressler and James Ressler started to sell counterfeit FENDI bags before the first USF&G policy period started on February 8, 2003.

41. Each of the USF&G Policies excludes coverage for infringement that constitutes a knowing falsity on the part of the insureds and it is undisputed that Defendants Ashley Reed, Scott Ressler and James Ressler were directly told by FENDI, in writing and at a meeting with FENDI's attorneys in 2001, that Defendants Ashley Reed, Scott Ressler and James Ressler were to cease and desist selling counterfeit merchandise.

42. The award of treble damages in the judgment in the *FENDI* Action was based on the disgorgement of profits based on sales of counterfeit trademarked goods by Defendants Ashley Reed, Scott Ressler and James Ressler in 2005 and 2006 only. As such, there can be no coverage for such award under the 2003 and 2004 Policies. Since the 2005 Policy also excludes coverage for intellectual property infringement, that exclusion provides an additional basis for there being no coverage for such an award under the 2005 Policy.

43. Since there is no longer any possibility of covered damages being awarded in the *FENDI* Action, USF&G's duty to defend is extinguished.

44. USF&G is entitled to a judicial declaration that USF&G is no longer obliged to defend Defendants Ashley Reed, Scott Ressler and James Ressler in the *FENDI* Action.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "32" and "34" through "44" as if fully set forth herein at length.

46. Defendants Ashley Reed, Scott Ressler and James Ressler have requested that USF&G indemnify Defendants Ashley Reed, Scott Ressler and James Ressler under the USF&G Policies with respect to any liability that may be imposed in the *FENDI* Action.

47. USF&G has advised Defendants Ashley Reed, Scott Ressler and James Ressler that it has no obligation under the USF&G Policies to indemnify Defendants Ashley Reed, Scott Ressler and James Ressler in the *FENDI* Action.

48. USF&G is entitled to a judicial declaration that USF&G has no obligation to indemnify Defendants Ashley Reed, Scott Ressler and James Ressler for the judgment in the *FENDI* Action.

**WHEREFORE,** Plaintiff requests a judgment:

(a) Declaring that USF&G no longer has any obligation to defend Defendants Ashley Reed, Scott Ressler and James Ressler in the *FENDI* Action;

(b) Declaring that USF&G is not obligated to indemnify Defendants Ashley Reed, Scott Ressler and James Ressler for any verdict, judgment, or settlement in the *FENDI* Action;

(c) Awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 11, 2011

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Plaintiff*

By: _____
    Robert J. Tracy (RT-5260)
    Stefanie R. Munsky (SM-0724)
    420 Lexington Avenue, Suite 420
    New York, New York 10170
    (212) 687-7410