UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
UNITED STATES FIDELITY AND
GUARANTY COMPANY,                     :

                Plaintiff,        :

      -against-                       :   Case No. 11 CV 4782

ASHLEY REED TRADING, INC.
JAMES RESSLER,                        :
SCOTT RESSLER,
FENDI ADELE, S.R.L.,                  :
FENDI, S.R.L. AND
FENDI NORTH AMERICA, INC.,

                Defendants.
------------------------------------- X

## ORDER

    The Motion to Intervene of Burlington Coat Factory Warehouse Corporation and Cohoes Fashions, Inc (together, "BCF") is hereby GRANTED, and it is ORDERED that BCF be permitted to file its intervening Answer and Counter-claim.

                                                  _____
                                                                      ,J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
UNITED STATES FIDELITY AND
GUARANTY COMPANY,                       :

                Plaintiff,        :     Case No. 11 CV 4782

    -against-                              :

ASHLEY REED TRADING, INC.               :     **MOTION TO INTERVENE PURSUANT**
JAMES RESSLER,                                **TO FEDERAL RULE OF CIVIL**
SCOTT RESSLER,                          :     **PROCEDURE 24**
FENDI ADELE, S.R.L.,
FENDI, S.R.L. AND                       :
FENDI NORTH AMERICA, INC.,

                Defendants.
-------------------------------------- X

    Burlington Coat Factory Warehouse Corp. and Cohoes Fashions, Inc., ("Intervening Defendants") in accordance with Federal Rule of Civil Procedure 24 hereby move for leave to intervene as defendants/counter-claimants in this action, and to file the attached Answer and Counterclaim (Exhibit D), and in support thereof state as follows:

    1.    Intervening Defendants, Burlington Coat Factory Warehouse Corp. and Cohoes Fashions, Inc, on April 2, 2012, obtained summary judgment for the sum of $248,257.14 (Two hundred forty eight thousand two hundred fifty seven and fourteen cents) against Ashley Reed Trading, Inc. in the case of Fendi Adele S.R.L., et al v. Burlington Coat Factory Warehouse Corporation, et al, 06 Civ. 85 (LBS)(MHD). See Exhibit A, including the February 8, 2010 Memorandum and Order, the April 2, 2012 Memorandum and Order, and the April 5, 2012 Judgment.

1505604_1

2. Such award was based on a Contract attached at Exhibit B. See Exhibit B, including Euro Moda contract underlying February 8, 2010 Order and pages of similar orders with Ashley Reed Trading, Inc.

3. Subsequent discovery in aid of execution indicates that virtually the only remaining meaningful assets pertaining to Ashley Reed Trading, Inc. are the insurance policies that are the subject of this action by Plaintiff United States Fidelity and Guaranty Company.

4. Intervening Defendants have a claim against those policies because under the insurance policies at issue in this action, the contract attached at Exhibit B is a non-excluded contract, and among reasons including but not limited to the following, Intervening Defendants are (a) covered under a non-excluded insured contract; (b) Intervening Defendants are covered under a non-excluded insured contract for damages relating to a wrongful use of Fendi's trade name; (c) Intervening Defendants are covered under a non-excluded insured contract for an advertising injury; (d) Intervening Defendants are covered for attorney fees and litigation expenses "assumed by" Ashley Reed under a non-excluded insured contract where such fees are incurred in defense of a suit in which damages because of "'advertising injury,' to which this insurance applies, are alleged." See attached Exhibit C, including an exemplar of the policies at issue.

5. The interpretation of the policies in this action will both legally and practically be decisive of Intervening Defendants' rights. Not only will this Court's legal determination of the meaning of the policies impact Intervening Defendants' rights, but Intervening Defendants will be prejudiced, practically speaking, if the policies are exhausted as a result of any award granted by this Court.

6. The plaintiff in this matter alleges that no recovery may be obtained by Defendant (or, presumably, Intervening Defendants) through the policies.

7. However, Intervening Defendants contend that the award at Exhibit A, pursuant to the contract at Exhibit B, is clearly covered by the policies. The policies disclaim coverage for contracts in general (see, by example, attached Exhibit C at P. 1074), but make exclusions for "insured contracts" such as those at Exhibit B (see, by example, attached Exhibit C at P. 1074, P. 1075, and P. 1098-1099). Accordingly, Intervening Defendants are entitled to payment by Ashley Reed under the terms of the policies at issue in this case.

8. The issues addressed by the parties to this action, including interpretation of the policies in connection with the underlying case in which Intervening Defendants obtained summary judgment against Ashley Reed, Inc., are precisely those issues facing Intervening Defendants. Intervening Defendants obtained summary judgment against Ashley Reed Trading, Inc., in the same underlying situation that is the subject of this action, in a related underlying litigation. The insurance contract at issue is the same. The underlying behavior by Ashley Reed Trading, Inc. is the same. The Court's determinations in this case will be determinative of Intervening Defendants' ultimate rights and recovery.

9. In accordance with Rule 24 of the Federal Rules of Civil Procedure, Intervening Defendants must be permitted to intervene. That Rule provides that "the court must permit anyone to intervene who: . . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." *See Hartford Fire Ins. Co. v. Mitlof,* 193 F.R.D. 154 (S.D.N.Y. Apr. 17, 2000) (granting motion to intervene in action involving interpretation of insurance policy); *In re Metro Concrete Corp.,* 157 B.R. 215 (Bkrtcy

E.D.N.Y. 1993) (granting motion of insurance company to intervene after finding of liability, citing to Rule 24). A copy of Intervening Defendant's Answer and Counterclaim is attached as Exhibit "D".

10. In order to intervene as matter of right, applicant must (1) timely file application, (2) show interest in action, (3) demonstrate that interest may be impaired by disposition of the action, and (4) show that interest is not protected adequately by parties to action. *See In re Bank of New York Derivative Litigation*, 320 F.3d 291 (2d. Cir. 2003); *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154 (S.D.N.Y. Apr. 17, 2000); *In re Metro Concrete Corp.*, 157 B.R. 215 (Bkrtcy E.D.N.Y. 1993).

11. In the instant case, application has in fact been timely filed, in the midst of discovery. The major question on this prong is whether intervention will prejudice other parties -- and here, it will not. *Home Ins. Co. v. Liberty Mutual Ins. Co.*, 1990 WL 188925, at *2-3 (S.D.N.Y. 1990) (granting intervention and collecting cases). Intervening Defendants do not anticipate that their own claim, which is mainly a matter of legal interpretation, will itself involve the level of discovery required by the parties respecting their other claims. Rather, Intervening Defendants' arguments will be mainly legal, and will tend primarily to elucidate the nature of the insurance policies at issue. Because discovery is ongoing, there can be no prejudice to the parties from the intervention of an Intervening Defendant whose claim rests chiefly on mere interpretation of a contract.

12. Intervening Defendants' interest in the subject of the action – namely, the insurance policies – is direct, rather than contingent, because Intervening Defendant has an actual judgment entered against Ashley Reed Trading, Inc. from an underlying litigation that is

now essentially exhausted, and the insurance policy appears the sole means of collecting on that judgment.

13. The danger that its interest will be impaired or foreclosed by a decision in this action is also manifest. If the policy is exhausted as a result of this action, Intervening Defendant will be foreclosed from collecting on its judgment.

14. Last, "[t]h[e] requirement of showing inadequacy of representation is satisfied where there is a showing of collusion, adversity of interest, possible nonfeasance or incompetence." *Home Ins. Co. v. Liberty Mutual Ins. Co.*, 1990 WL 188925, at *6 (S.D.N.Y. 1990) (granting intervention and collecting cases). Here, there is no other party to this action that will vindicate Intervening Defendants rights. Rather, similarly positioned Defendants/counter-claimants could only stand to gain from Intervening Defendants' exclusion from this action because the policy at issue will potentially be exhausted in this litigation.

WHEREFORE, for the foregoing reasons, Intervening Defendants hereby move for an order granting intervention.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

BY: _____
PETER N. KESSLER (PK-1327)
One Penn Plaza, 36th Floor
New York, NY 10119
(212) 786-7394/(215) 241-8888

Attorneys for Intervening Defendants/
Counterclaim Plaintiffs Burlington Coat
Factory Warehouse Corporation and
Cohoes Fashions, Inc.

Dated: January 29, 2013

## **CERTIFICATE OF SERVICE**

I, Peter N. Kessler, Esq., hereby certify that I caused to be served, on April 4, 2013, a true and correct copy of the foregoing Motion to Intervene, upon all counsel of record via email and first class mail.

*/s/ Peter N. Kessler*
PETER N. KESSLER
